IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-20046-07-JWL |
| | ) | |
| CLIFTON MILTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____) | | |

## **MEMORANDUM AND ORDER**

Mr. Milton pleaded guilty to conspiring to distribute, and possession with the intent to distribute, heroin, in violation of 21 U.S.C. § 846. The district judge assigned to the case at the time sentenced Mr. Milton to 188 months imprisonment. This matter is now before the court on Mr. Milton's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 1002). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id*. In his pro se motion, Mr. Milton does not allege or in any way suggest that he has exhausted his administrative remedies with the BOP prior to filing his motion. Accordingly, the court must dismiss his motion without prejudice to refiling upon a showing of exhaustion. *See United States v. Springer*, 820 Fed. Appx. 788 (10th

Cir. July 15, 2020) (suggesting in dicta that dismissal is required where movant fails to exhaust administrative remedies); *see also United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (holding that dismissal without prejudice is appropriate when compassionate-release movants fail to exhaust administrative remedies).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #1002) is hereby **dismissed without prejudice to refiling**.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge