IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-20046-07-JWL |
| ) | |
| CLIFTON MILTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

# MEMORANDUM AND ORDER

Defendant pleaded guilty to conspiring to distribute, and possession with the intent to distribute, heroin, in violation of 21 U.S.C. § 846. The district judge assigned to the case at the time sentenced him to 188 months imprisonment. He is incarcerated at Tucson USP and his present projected release date is May 23, 2023. This matter comes before the court on the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 1006). For the reasons set forth below, the court grants the motion.

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.* The government concedes that the defendant has exhausted his administrative remedies such that the court has jurisdiction to consider the motion on its merits.

Section 3582(c)(1)(A) provides that a court, after considering the applicable § 3553(a) factors, may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons" warrant the reduction and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission, as authorized by 28 U.S.C. § 994(t), has recognized four categories of "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, comment n.1. These include the defendant's medical condition, age, family circumstances, and a catch-all, "other reasons." *See United States v. Gieswein*, 832 Fed. Appx. 576, 577 (10th Cir. Jan. 5, 2021).[1]  The moving defendant bears the burden of establishing that "compassionate release" is warranted under § 3582(c)(1)(A), and a court exercises its discretion in ruling on such a motion. *See United States v. Jackson*, 2020 WL 2812764, at *2 (D. Kan. May 29, 2020) (Lungstrum, J.) (citing cases).

The defendant argues that extraordinary and compelling reasons for immediate release from prison exist because his medical conditions (obesity, type 2 diabetes, hypertension and obstructive sleep apnea) and the conditions of his confinement create a significantly increased risk of serious harm or death from the ongoing coronavirus

---

[1] The court recognizes "that some courts have concluded that passage of the First Step Act has reduced—or even eliminated—the relevance of the Sentencing Commission's policy statement." *See United States v. Pinson*, 2020 WL 7053771, at *3 n.5 (10th Cir. Dec. 2, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *2–3 (D. Me. July 11, 2019) (collecting cases)). The Tenth Circuit has not addressed the issue but "has continued to refer to it in deciding challenges related to § 3582(c)(1)." *See id*. Because defendant has not articulated any reasons for release other than those outlined in the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13, this issue has no bearing on the court's decision.

pandemic. The government concedes that the defendant's medical conditions constitute extraordinary and compelling reasons sufficient for this court to consider early release under the statute. Nonetheless, the government opposes the motion on the grounds that the § 3553(a) factors weigh against early release in light of the nature and seriousness of the defendant's offenses and to provide just punishment for those offenses. As highlighted by the defendant in his reply, then, the sole question before the court is whether the § 3553(a) factors outweigh the risks to the defendant's health if he remains incarcerated for the 26 months remaining on his sentence.

The court concludes in its discretion, for the reasons set forth below, that the § 3553(a) factors weigh in favor of early release when measured against the severe risk to the defendant's health if he remains in custody. Without question, the defendant's underlying health conditions place him at a higher risk with respect to the COVID-19 coronavirus. The government does not dispute that defendant has each of the conditions highlighted in his submissions—obesity, type 2 diabetes, hypertension and obstructive sleep apnea. The CDC lists both obesity and type 2 diabetes as conditions that increase the risk of severe illness from COVID-19. *See* CDC, *Coronavirus Disease 2019 (COVID-19): People of Any Age with Underlying Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed March 9, 2021). The CDC has also recognized that "strong and consistent" evidence from medical studies have shown that both obesity and type 2 diabetes are in a category of conditions that present the greatest risk of serious illness from COVID-19. *See* CDC, *Evidence Used to Update the List of Underlying Medical Conditions that Increase a Person's Risk of Severe Illness from*

*COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last accessed March 9, 2021).

Consistent with this guidance, courts have frequently found obesity and type 2 diabetes as significant factors warranting early release. *See United States v. Topete*, 2021 WL 842547, at *6 (N.D. Ala. March 5, 2021) (ordering compassionate release of inmate with type 2 diabetes, obesity and hypertension where inmate had served large majority of sentence);  *See United States v. Naranjo-Castro*, 2021 WL 795549, at *1 (D.N.M. Mar. 2, 2021 (same); *United States v. Rivera*, 2020 WL 5105090, at *3 (E.D. Mich. Aug. 31, 2020) (granting motion for compassionate release where defendant had body mass index of 41.1 and defendant had served "large majority" of his sentence); *United States v. Reads*, 2020 WL 2572280, at *3 (E.D. Mich. May 21, 2020) (ordering compassionate release of 33-year-old inmate with severe obesity and "prediabetes"); *see also United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("The courts that granted compassionate release . . . largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns."). Clearly, defendant's obesity and diabetes provide an extraordinary and compelling reason for relief in this case, as the government candidly recognizes in its response.

Defendant's hypertension only adds to his already increased risk of harm. The CDC includes hypertension on its list of conditions that may increase an individual's risk of severe illness from COVID-19. *See id.* Additionally, in multiple studies of patients with COVID-19, most patients who died had at least one comorbidity. *See United States v. Pullen*, 2020 WL 4049899, at *5 (D. Kan. July 20, 2020). Among the comorbidities,

hypertension appeared frequently, indicating a strong relationship between hypertension and a patient's likelihood of developing a severe illness from COVID-19. *See id*. (citing JAMA Internal Medicine, *Risk Factors Associated with Acute Respiratory Distress Syndrome and Death in Patients with Coronavirus Disease 2019 Pnuemonia in Wuhan, China*, https://jamanetwork.com/journals/jamainternalmedicine/fullarticle/2763184 (Mar. 13, 2020)); The Lancet, *Are Patients with Hypertension and Diabetes Mullitus at Increased Risk for COVID-19 Infection?,* https://www.thelancet.com/journals/lanres/article/PIIS-2600(20)30116-8/fulltext (Mar. 11, 2020) (concluding that the most frequent comorbidities of patients with COVID-19 were diabetes, hypertension, and cerebrovascular disease)).

In addition to his underlying health conditions, defendant's risk is increased by the fact that he is presently incarcerated at Tucson USP, where more than 900 inmates have been infected by COVID-19. The BOP's website shows that 69 staff members have active COVID-19 infections. Moreover, the record reflects that 10 inmates have died from COVID-19 complications in recent months. Eight inmates died in December 2020; one inmate died in January 2021; and one inmate died in February 2021. These facts, coupled with defendant's multiple and significant health risks, provide an extraordinary and compelling reason for relief in this case.

The policy statement in Guideline Section 1B1.13 requires that defendant not be a danger to the safety of another person or the community, and the court finds that this requirement is satisfied in this case. The government challenges this requirement on the basis that the drug conspiracy in this case resulted in the death of one woman (related to heroin use) and the overdose deaths of two more individuals. But the government advised

5

the presentence writer in this case prior to sentencing that no death or overdoses related to heroin use were directly linked to defendant. The court, then, is not persuaded by the government's argument at this juncture.

Finally, the applicable § 3553(a) factors do not compel a contrary conclusion and weigh in favor of compassionate release. Those factors are: (1) the nature of the offense and the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable Guideline sentence; and (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1)-(6). To be sure, the nature of the defendant's offenses is serious. At the same time, he has been in custody since 2009, and further incarceration—under the current circumstances— is not necessary to promote respect for the law, to provide just punishment and adequate deterrence to criminal conduct, or to protect the public. In summary, in light of defendant's current medical conditions, the specific situation at his correctional facility, the looming risk of severe illness from COVID-19, and the applicable sentencing factors under § 3353(a), the court finds that a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes. The defendant's motion is hereby granted.

Defendant, however, does not have an approved release plan. Accordingly, the United States Probation Office, at the court's request, has submitted a Probation Form 12B modifying the conditions that defendant will be subject to during his term of supervised release to include conditions that would allow him to obtain emergency housing and to remain housed in a residential reentry center until he secures an appropriate residence. Defendant has executed a waiver of hearing to modify the conditions of his supervised release in accordance with the Probation Form 12B. The court, having reviewed the form submitted by the United States Probation Office, found probable cause and has issued a signed copy of the Probation Form 12B authorizing the modification. Because the residential reentry center has notified the Probation Office that it cannot receive defendant prior to April 1, 2020, this order will be stayed until that time.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 1006) is granted and the court reduces defendant's sentence to time served.

**IT IS FURTHER ORDERED** that this Order is stayed until Thursday, April 1, 2021. Defendant's term of supervised release will begin immediately upon his release from the Bureau of Prisons. All previously imposed terms and conditions of defendant's term of supervised release, as modified by the Court on March 9, 2021, shall remain in effect.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2021, in Kansas City, Kansas.

                                                      *s/ John W. Lungstrum*
                                                      John W. Lungstrum
                                                      United States District Judge